■ In the Matter of HOWARD MANN et al., Appellants, v. NATHAN LEVENTHAL, as Commissioner of the Department of Rent and Housing Maintenance, Office of Rent Control, Respondent.— Judgment, Supreme Court, New York County, entered April 5, 1973, denying relief sought in the petition, unanimously reversed, on the law and the facts and in the exercise of discretion, and vacated, the petition granted and respondent directed to determine the application for revocation and issue its determination within 10 days after service upon respondent by appellants of a copy of the order entered hereon, with notice of entry. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Petitioners are the owners of a building located at 436 East 66th Street. On July 23, 1970, petitioners applied for certificates of eviction based on the proposed demolition of the building to erect a new building on the site. After prolonged investigation and hearings lasting 15 months, respondents issued the certificates. The tenants protested and brought an article 78 proceeding in which the court upheld the certificates. The 'tenants thereupon brought a proceeding before respondents pursuant to section 88 of the Rent and Eviction Regulations to revoke the certificates for illegality or irregularity in a vital matter on the grounds that the proposed plans for the new building were illegal. That proceeding, instituted in October, 1972, automatically stays any action on the previously granted certificates of eviction. After the institution of that proceeding the tenants presented their claim of illegality to the Board of Standards and Appeals. It was denied. They then brought an article 78 proceeding to review that denial. That action is still pending. A request by petitioners to respondent to decide the revocation proceeding was denied, though the application has lain dormant for a year. Petitioners then brought this proceeding in the nature of mandamus to direct respondent to make some disposition of the matter before it. The court granted respondent 30 days to dispose of the matter. They did nothing. A further application resulted in an inexplicable reversal of attitude by the court and the petition was denied. We find the inactivity of respondents to be without justification or excuse. After taking 15 months to reach a decision whether to issue the certificates, it might reasonably be supposed that respondents had a degree of faith in the validity and merit of their determination. In the ensuing year that decision was supported in two applications. Nevertheless respondents propose to sit on their hands, thereby blocking petitioners until the tenants exhaust every conceivable remedy that ingenuity can devise, without feeling under any obligation to perform the duties entrusted to them. It is now almost three and a half years since this matter was initiated. While we cannot preclude further delaying steps, we can at least terminate this stalemate. Respondent is directed to determine the application for revocation and issue its determination within 10 days of the service of the judgment herein with notice of entry. Concur — Markewich, J. P., Nunez, Lane, Steuer and Capozzoli, JJ.